UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHANNON O. MURPHY, SR., <br><br> Plaintiff, <br><br> v. <br><br> DAD'S BBQ, <br><br> Defendant. | No. 2:25-cv-0836-DJC-CKD (PS) <br><br><br> FINDINGS AND RECOMMENDATIONS |

Plaintiff Shannon O. Murphy, Sr., initiated this action on March 24, 2025, with a pro se complaint and a motion to proceed in forma pauperis ("IFP"). (ECF Nos. 1, 2.) This matter is referred to the undersigned magistrate judge pursuant to Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1). For the reasons that follow, plaintiff's application to proceed IFP should be denied and the complaint should be dismissed without leave to amend.

**I.   IFP**

In order to commence a civil action, a plaintiff must either pay the $350.00 filing fee and the $55.00 administrative fee or file an application requesting leave to proceed IFP. See 28 U.S.C. §§ 1914(a), 1915(a). The court may authorize the commencement of an action without prepayment of fees by an individual who submits an affidavit evidencing an inability to pay such fees. 28 U.S.C. § 1915(a). Generally, "[a]n affidavit in support of an IFP application is sufficient where it alleges that the affiant cannot pay the court costs and still afford the necessities of life."

1

Escobedo v. Applebees, 787 F.3d 1226, 1234 (9th Cir. 2015) (citing Adkins v. E.I. Du Pont de Nemours & Co., Inc., 335 U.S. 331, 339 (1948)). The affidavit must "state the facts as to affiant's poverty with some particularity, definiteness and certainty." United States v. McQuade, 647 F.2d 938, 940 (9th Cir. 1981).

Plaintiff's affidavit does not adequately demonstrate he was unable to pay the court costs and still afford the necessities of life when he filed this suit because the application is not complete. Plaintiff's affidavit indicates that during the past 12 months, he received "Business, profession, or other self-employment" in the amount of $126.00 and social security income in the amount of approximately $1,285.00 per month. (ECF No. 2 at 1.) However, plaintiff fails to disclose whether he receives other income from "Rent payments, interests, or dividends," "Pension, annuity, or life insurance payments," "gifts or inheritances," or "any other sources." (Id.) Because the affidavit is incomplete, it fails to establish plaintiff is entitled to prosecute this case without paying the required fees. Separately, plaintiff's IFP application may be denied because this action is facially frivolous and without merit. See Minetti v. Port of Seattle, 152 F.3d 1113, 1115 (9th Cir. 1998) ("'A district court may deny leave to proceed in forma pauperis at the outset if it appears from the face of the proposed complaint that the action is frivolous or without merit.'") (quoting Tripati v. First Nat. Bank & Tr., 821 F.2d 1368, 1370 (9th Cir. 1987)).

## II. Screening Requirement

Pursuant to 28 U.S.C. § 1915(e), the court must screen every in forma pauperis proceeding, and must order dismissal of the case if it is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); Lopez v. Smith, 203 F.3d 1122, 1126-27 (2000) (en banc). In reviewing a complaint under this standard, the court accepts as true the factual allegations contained in the complaint, unless they are clearly baseless or fanciful, and construes those allegations in the light most favorable to the plaintiff. See Von Saher v. Norton Simon Museum of Art at Pasadena, 592 F.3d 954, 960 (9th Cir. 2010), cert. denied, 564 U.S. 1037 (2011). In addition, the court liberally construes pro se pleadings. See Haines v. Kerner, 404 U.S. 519, 520 (1972). A pro se litigant is entitled to notice of the deficiencies in the complaint

and an opportunity to amend unless the complaint's deficiencies could not be cured by amendment. See Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987) (superseded by statute on other grounds).

### III.     Plaintiff's Complaint

The complaint states it brings the following claims against defendant Dad's BBQ: (1) negligence; (2) breach of contract; (3) discrimination; (4) harassment; (5) assault; and (6) injury. (ECF No. 1 at 1.) Although the allegations of the complaint are largely unintelligible, plaintiff appears to be alleging he suffered some type of injury several years ago after which he filed an insurance claim and/or a worker's compensation claim. (Id. at 2.) For example, plaintiff alleges "plaintiff Murphy was caused injury(s) … duration of injury, inconvenience present exceed 10 years" and "defendant failed contact timely, plaintiff, while he suffer await jurisdiction, for payment(s) of an insurance company; defendant knowing an employee's workers' compensation claim is remain active without fair settlement jurisdiction…." (Id. at 1.) Plaintiff seeks monetary damages. (Id. at 3.)

### IV.     Discussion

The complaint does not contain a short and plain statement of a claim as required by Federal Rule of Civil Procedure 8. In order to give fair notice of claims and the grounds on which they rest, a plaintiff must allege with at least some degree of particularity overt acts by specific defendants which support the claims. See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996). Plaintiff's complaint against defendant Dad's BBQ does not contain facts supporting any cognizable legal claim and does not contain any specific allegations addressing the alleged conduct of Dad's BBQ. The allegations are unintelligible and fail to establish any cause of action.

Moreover, the court lacks subject matter jurisdiction over the complaint. Federal courts are courts of limited jurisdiction. Kokkonen v. Guardian Life Insurance Co. Of America, 511 U.S. 375, 377 (1994). In general, federal courts hear cases that arise in diversity of citizenship or present a federal question. See U.S. CONST. art. III §§ 1–2; 28 U.S.C. §§ 1331-32. The presumption is against jurisdiction and "the burden of establishing the contrary rests upon the party asserting jurisdiction." Vacek v. U.S. Postal Serv., 447 F.3d 1248, 1250 (9th Cir. 2006)

1  (citing Kokkonen, 511 U.S. at 377).

2  Plaintiff's complaint fails to establish the court's subject matter jurisdiction. The complaint states no basis for federal court jurisdiction, and none is apparent. No federal cause of action is asserted, and no federal claims are suggested by the facts, to the extent the facts can be understood. See Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987) (under the well-pleaded complaint rule, "federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint"). The complaint also fails to establish diversity jurisdiction. See Morris v. Princess Cruises, Inc., 236 F.3d 1061, 1067 (9th Cir. 2001) ("Section 1332 requires complete diversity of citizenship; each of the plaintiffs must be a citizen of a different state than each of the defendants."). Plaintiff indicates on the civil cover sheet that both plaintiff and defendant are citizens of California. (ECF No. 1-1.) Accordingly, plaintiff fails to establish the court's subject matter jurisdiction.

The complaint must be dismissed for lack of subject matter jurisdiction. Moreover, the complaint does not contain facts supporting any cognizable legal claim and is clearly without merit. The undersigned notes plaintiff has filed other similar actions in this court which have been dismissed for failure to state a claim and/or for lack of subject matter jurisdiction. See Murphy v. Travelers Ins. Co., No. 2:24-CV-2589-TLN-CSK, 2025 WL 958191, at *3 (E.D. Cal. Mar. 31, 2025), report and recommendation adopted, No. 2:24-CV-02589-TLN-CSK, 2025 WL 1151002 (E.D. Cal. Apr. 18, 2025) (citing collected cases). Despite plaintiff having notice of the requirement to establish diversity of citizenship or present a federal question, the present complaint still fails to do so. On the same day plaintiff filed this complaint, he initiated another action referencing an injury and worker's compensation claim and similarly failing to include any allegations specific to the defendant named in that case. See Expert Tree Service, 2:25-cv-00921-DAD-CKD.

Under the circumstances, it is apparent that granting leave to amend would be futile. Thus, the dismissal should be without leave to amend. See Hartmann v. Cal. Dep't of Corr. & Rehab., 707 F.3d 1114, 1130 (9th Cir. 2013) ("A district court may deny leave to amend when amendment would be futile.").

In accordance with the above, IT IS HEREBY RECOMMENDED as follows:

1. Plaintiff's motion to proceed in forma pauperis (ECF No. 2) be denied.
2. Plaintiff's complaint be dismissed without leave to amend for failure to state a claim.
3. The Clerk of Court be directed to close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within 14 days after being served with these findings and recommendations, plaintiff may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: May 2, 2025

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

8, murp25cv0836.scrn.fr